UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                    Plaintiff,

-against-

PHILIP BOUDEWYNS; TIANA P.
GARNER; JENNIFER W. MONAGHAN;
MATTHEW EASON; BARBARA
OBERMEYER; DOES 1-10,

                    Defendants.

26-CV-0222 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Dacula, Gwinnett County, Georgia, brings this *pro se* action

under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"), alleging

Defendants violated his rights in Gwinnett County, Georgia. Named as Defendants are Gwinnett

Judicial Circuit Court Administrator Philip Boudewyns; Gwinnett County Superior Court Clerk

Tiana P. Garner; Gwinnett County Superior Court Chief Deputy Clerk Jennifer W. Monaghan;

Gwinnett County Superior Court ADA Coordinator Matthew Eason; Judicial Assistance Barbara

Obermeyer; and ten John/Jane Does. For the following reasons, the Court transfers this action

under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

**DISCUSSION**

Venue for Plaintiff's claims under Section 1983 and the ADA is governed by 28 U.S.C.

§ 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the defendants, but he asserts that the alleged events giving rise to his claims occurred in Gwinnett County, Georgia. Because Defendants are employed at the Gwinnett County Superior Court, and the alleged events occurred in Gwinnett County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Gwinnett County, Georgia, which is in the Northern District of Georgia. *See* 28 U.S.C. § 90(a). Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action, in the interest of justice, to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's request for emergency injunctive relief is also reserved to the transferee court. A summons shall not issue from this court. This order closes this case in this court.

Because Plaintiff seeks emergency injunctive relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the Northern District of Georgia immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 13, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3