UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                    Plaintiff,

          -against-

PHILIP BOUDEWYNS, ET AL.,

                    Defendants.

26-CV-0222 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated January 13, 2026, the Court transferred this action to the United States District Court for the Northern District of Georgia. (ECF 7.) To facilitate speedy resolution of Plaintiff's request for emergency injunctive relief, the Court waived the seven-day waiting period under Local Civil Rule 83.1. Between January 21, 2026, and February 2, 2026, Plaintiff filed in this court a "Motion for Clarification and Interim Relief Regarding Emergency Transfer Procedures" (ECF 8); a "Motion of Record Correction Regarding Transfer Timeline and Case Termination" (ECF 9); a "Supervisory Notice of Procedural Defect in emergency Transfer Handling" (ECF 10); and two Petitions for a Writ of Mandamus captioned for the United States Court of Appeals for the Second Circuit (ECF 12, 13). By order dated February 2, 2026, the Court denied Plaintiff's motions at ECF 8, 9, and 10.[1]

Between February 3, 2026, and February 9, 2026, Plaintiff filed eight additional motions and notices: (1) a "Motion to Correct the Record for Judicial Administrative Error" (ECF 15);

---

[1] The Court denied these motions on the grounds that the Court lacked jurisdiction to consider them because the transferee court had acknowledged receipt of the transferred action. It now appears, however, that the transferee court had not received the case at that time, but instead received it on March 3, 2026. The Court will therefore consider the substance of those motions in this order. Because the Court denies Plaintiff's motions, it declines to vacate its previous order denying those motions.

(2) a "Motion for Certification of a Structural Defect for Transmission to the Chief Judge of the United States Court of Appeals for the Second Circuit" (ECF 16); (3) a "Rule 62.1 Motion for Indicative Ruling" (ECF 17); (4) a "Motion to Vacate Void Orders Pursuant to Federal Rule of Civil Procedure 60(b)(4)" (ECF 18); (5) a "Petition for Transfer of Judicial-Administration Review under 28 U.S.C. §§ 455(a) and 351(b)" (ECF 19); (6) a "Motion to Compel Proper Emergency Review of Rule 65 Filings, ADA Access Motions, and Record-Preservation Requests" (ECF 20); (7) a "Motion to Declare the January 13 and February 2 Orders Void for Structural Defects, Ultra Vires Action, and Title II Violations" (ECF 21); and (8) a "Notice of Title II ADA Violations, Discriminatory Practices, and Required Correction Action" (ECF 22).

For the reasons set forth below, the Court denies Plaintiff's motions at ECF 17 and 19. The Court liberally construes Plaintiff's remaining submissions, including those addressed in its February 2, 2026 order, as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies Plaintiff's motions.

## DISCUSSION

**A.    Motion under Federal Rule of Civil Procedure 62.1**

Plaintiff purports to bring a motion for an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure. (ECF 17.) Rule 62.1 allows a district court to make an indicative ruling on a pending motion if "the court lacks authority to grant [the motion] *because of an appeal* that

has been docketed and is pending." Fed. R. Civ. P. 62.1(a) (emphasis added). Here, Plaintiff has not filed a notice of appeal to the Court of Appeals for the Second Circuit, and no appeal is pending. Rule 62.1 is therefore inapplicable to this action, and Plaintiff's motion is denied on that basis.

**B.      Motions under 28 U.S.C. §§ 455(a) and 351(b)**

Plaintiff files a motion under 28 U.S.C. §§ 455(a) and 351(b). (ECF 19.) Under Section 455, a judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff who "speculated that the judge may have been acquainted with [him]" where judge had ruled against him on all his motions).

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings,"

may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the Court's rulings. If Plaintiff is dissatisfied with the Court's rulings, he is free to appeal them to the United States Court of Appeals for the Second Circuit. *See Liteky*, 510 U.S. at 555 (noting that [a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal"). To the extent that Plaintiff is seeking substantive relief in this action, he may raise those claims in the Northern District of Georgia, where this action is currently pending.

Section 351(a) permits a person who alleges a judge has engaged in "conduct prejudicial to the effective and expeditious administration of the business of the courts" to be "filed with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a). Here, Section 351(a) is inapplicable, as this court is not the "clerk of the court of appeals for the circuit." *Id.* The Court therefore denies Plaintiff's motion without prejudice to pursuit of any pertinent issues in accordance with the statutory filing requirement.

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

The Court construes Plaintiff's remaining submissions (ECF 8-10, 15, 16, 18, 20-22), most of which have no independent legal basis, as a motion for reconsideration of the Court's January 13, 2026 transfer order. Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

4

> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments and, even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. For example, Plaintiff invokes Rule 60(b)(4) (*see* ECF 18), but that clause is inapplicable as no judgment has been entered in this action. Therefore, the motion is denied to the extent it is brought under any of the first five clauses of Rule 60(b).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

The Court denies Plaintiff's motions. (ECF 8-10, 15-22). The Clerk of Court is directed to terminate all pending motions in this action.

This action is closed in this court. If Plaintiff continues to file meritless motions in this action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 16, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge